Erik Dykema

**ZELLER IP GROUP PLLC**
155 Water Street - Suite 6/6
Brooklyn, NY 11201
TEL: (972) 920-8002
erik@zellerip.com

*Attorneys for New London Associates, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW LONDON ASSOCIATES, LLC,<br><br>    Plaintiff,<br>v.<br><br>KINETIC SOCIAL LLC,<br>SPECTRUM MEDIA SERVICES, LLC, and<br>INTERNAP CORP.<br><br>    Defendants. | Case No. 1:18-cv-7963<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF AND DAMAGES DEMANDED)

Plaintiff NEW LONDON ASSOCIATES, LLC, by and through undersigned counsel, brings this Complaint against the above captioned Defendants for damages and injunctive relief for violations of the Copyright Act, and in support thereof Plaintiff states as follows:

## PARTIES

1.     Plaintiff NEW LONDON ASSOCIATES LLC ("NLA") NLA is organized under the laws of the state of Delaware, with a principal place of business at 130 West 30th Street, New York, NY 10001.

2.     Defendant KINETIC SOCIAL LLC ("Kinetic"), on information and belief, is an American entity with its principal place of business at 134 West 37th Street, 7th Floor,

1

New York, New York 10018.

3. Defendant SPECTRUM MEDIA SERVICES LLC ("Spectrum"), on information and belief, is an American entity with its principal place of business at 1460 Broadway, New York, New York 10036.

4. Defendant INTERNAP CORP. ("INAP"), on information and belief, is an American entity with its principal place of business at 12120 Sunset Hills Road, Suite 330, Reston, Virginia 20190. Internap's website shows that it has a place of business at 111 8th Avenue, New York, New York 10011; where Internap's agents may be found.

## SUMMARY OF THE ACTION

5. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, prepare derivative works, and distribute NLA's original copyrighted work of authorship, namely a software program (known as "RTR."). NLA has a Federal Copyright registration on RTR, #TX0008578620, attached as Exhibit A. At all relevant times NLA was the owner of the copyrighted Work.

**6.** Defendants reproduced, prepared derivative works, and distributed RTR, committing the alleged infringements for the ultimate purpose of using RTR software as the underlying infrastructure necessary to run their business ventures, while repeatedly avoiding payment to NLA for the software. Defendants directly infringed, contributed to the infringement, and/or induced infringement of Plaintiff's copyrights.

## FACTS

7. TWELVEFOLD MEDIA INC. ("Twelvefold"), on information and belief, was an entity with its principal place of business at 1261 Howard Street, 2nd Floor, San Francisco, California 94103.

8. NLA entered into agreement(s) with Twelvefold in 2011 under which NLA agreed to provide certain computer software and hardware solutions to Twelvefold Media, including but not limited to the software originally known as RTC and now known as RTR

2

(hereafter referred to as "RTR" throughout), in return for money.  NLA provided the software and hardware to Twelvefold in accordance with its obligations. Specifically, NLA created the software, and setup the software on computer servers, which were installed into NLA servers at server hosting space rented from INAP, in Secaucus, New Jersey.  INAP provided internet access to the servers so that they could perform their functions, and be accessed via the internet by Twelvefold's (and later, Kinetic's and Spectrum's) personnel and other servers.

9. NLA also provided Twelvefold with access to the source code of RTR via Github.  This access was later used by Kinetic and Spectrum.  Github is an online computer program source code hosting service that allows, *inter alia*, programmers in various locations to modify the source code of a program to configure it or to add new features.  To use Github to modify the source code of a program, generally a programmer makes a local copy of the source code on their computer (a reproduction under §106), modifies that local copy (creation of a derivative work under §106), uploads the changes (a reproduction under §106), and causes the new version to be installed onto the physical servers (a reproduction under §106).  Twelvefold, Kinetic, and Spectrum's programmers used Github to work with the source code of RTR on dozens of occasions, each time violating NLA's copyrights.

10. Twelvefold Media eventually defaulted on its obligations to NLA, but continued to use, make copies of, create derivative works of, and distribute the software without authorization. Because Twelvefold had defaulted on its obligations to Twelvefold, Twelvefold's use, possession, and modification of RTR, and its use of Github to work with RTR, was unlicensed, and Twelvefold was an infringer of NLA's copyrights.

11. In 2015, Twelvefold's Chairman, Peter Horan, personally ordered Jay Budzik, the CTO of Twelvefold, to transfer the RTR source repository to Twelvefold's creditors, believed to include Blue Chip, Multiplier Capital, Bridge Bank, and Costella Kirsch (the "Senior Secured Lenders.").

12. At Twelvefold's instruction, a new source code repository was established with Atlassian (a competitor of Github, offering a similar source code repository service.) That new repository was used by Twelvefold, and later Kinetic and Spectrum, but the original repository continued to be used as well, including by the infringing parties. Twelvefold's assets were acquired by Kinetic in 2016 via an asset sale.  Kinetic then went back to key creditors and made deals to continue services that were critical to the functioning of Kinetic's product(s), including but not limited to AppNexus, a service that interoperated with RTR.  Because neither Twelvefold nor Kinetic had a license, Kinetic's use, possession, and modification of RTR was unlicensed.  Thus, Kinetic is and/or was an infringer of NLA's copyrights.

13. After the asset sale, Kinetic issued a note to NLA in the amount of one million dollars for a setup fee, as well as a separate equipment rental agreement for NLA's computer servers.  Kinetic defaulted on the note and the rental agreement in 2016 and never paid for RTR.  In November 2017, NLA filed suit against Kinetic and ultimately obtained a judgment against Kinetic on 18 May 2018 in the amount of $893,570.09 (eight hundred and ninety-three thousand, five hundred and seventy dollars and nine cents US) from the Supreme Court of the State of New York, New York County, Index No. 656976/2017.

14. In 2017, NLA filed an action for and ultimately obtained on or about 15 March 2018 an *Order of Replevin* to repossess NLA's server hardware from INAP, in the Superior Court of the State of New Jersey, Hudson Vicinage.

15. However, Kinetic never returned NLA's copyrighted software RTR, which was the subject of the Agreement to NLA.  Instead, during the pendency of NLA's action(s) in the New Jersey Superior Court against Kinetic, Kinetic purported to sell its assets – including RTR, which it did not own or have a license to—at a private asset sale to Spectrum. But, because Kinetic did not own and had no license to RTR, it could not sell or distribute it.  As discussed above, Kinetic's possession, use, modification, and/or distribution of RTR was unlicensed and

therefore its transfer to Spectrum was an infringement of NLA's copyrights, including the right to reproduce and to distribute.

16. Subsequent to Kinetic's purported asset sale, on or about March 30, 2018, NLA was informed by Colin Gribbin, INAP's agent, that INAP had received and complied with a request from Spectrum to provision a high-speed network connection in INAP's Secaucus, NJ datacenter between NLA's computer servers and Spectrum's computer servers, and permitted Spectrum access to NLA's hardware and software. This connection was intended for, and was used for, high-speed access to and copying of NLA's copyrighted RTR software off of NLA's computers and onto Spectrum's computers. Because neither Kinetic, Spectrum, or INAP had a license to RTR, this act was both a reproduction and a distribution of RTR in violation of NLA's copyrights.

17. On information and belief, INAP personnel assisted Spectrum and/or Kinetic personnel in the copying of NLA's copyrighted computer program RTR, thereby contributing and/or inducing such infringement. In the alternative, Spectrum and/or Kinetic contributed or induced the infringement of INAP.

18. On information and belief, INAP knew or should have known that the purpose of the data connection request between NLA's and Spectrum's servers was to facilitate the copying of NLA's proprietary software. INAP was notified on multiple occasions that Kinetic had defaulted and was informed that no one should have access to the computer servers, which were the subject of legal proceedings. Additionally, NLA had requested numerous times that the servers be shut down by INAP to prevent damage to them, or surveillance of the information contained thereon.

19. On information and belief, INAP has a general policy against permitting one customer to access the assets of another customer hosted in its datacenters.

20. INAP violated this policy to facilitate the copying, and copyright infringement,

5

of Spectrum. On information and belief, INAP breached its own policy in this regard in an attempt to woo Spectrum as a customer of its data center services and to secure a lucrative co-location agreement with Spectrum. As such, INAP has directly infringed, contributed to the infringement of Spectrum and/or Kinetic, conspired with Spectrum and/or Kinetic to infringe, and/or induced the infringement of Spectrum and/or Kinetic.

21. As late as 13 April 2018, agents of Spectrum have used access to NLA's Github repository to modify RTR, thus creating derivative works in violation of §106.

22. NLA has never issued any license to Twelvefold, Kinetic, Spectrum, or any of their principals, investors, financiers, or assignees.

## JURISDICTION AND VENUE

23. This is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

24. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

25. Defendants are subject to personal jurisdiction in this District.

26. Venue is proper in this district under 28 U.S.C. § 1391 and 1400(a) because Defendants engaged in infringement in this district, are subject to personal jurisdiction in this district, reside in this district, and/or their agents may be found in this district.

## COUNT I – INFRINGEMENT BY REPRODUCTION

27. NLA incorporates the allegations of each of the foregoing paragraphs as if fully set forth herein.

28. Each of the Defendants Kinetic, Spectrum, and INAP directly infringed NLA's copyrights in RTR by reproducing NLA's copyrighted work.

29. Defendant INAP has indirectly infringed NLA's copyrights by contributing to the infringement of Spectrum in assisting and/or conspiring with Spectrum in the reproduction of NLA's copyrighted work RTR; and Defendants Kinetic and Spectrum have induced INAP's

infringement.

30. Additionally and/or in the alternative, Defendant INAP has directly infringed NLA's copyrights by reproducing NLA's copyrighted work, and Defendants Kinetic and Spectrum have contributed or induced INAP's infringement.

## COUNT 2 – INFRINGEMENT BY PREPARATION OF DERIVATIVE WORKS

31. NLA incorporates the allegations of each of the foregoing paragraphs as if fully set forth herein.

32. Each of the Defendants Kinetic and Spectrum directly infringed NLA's copyrights in RTR by preparing derivative works based on NLA's copyrighted work, RTR.

## COUNT 3 – INFRINGEMENT BY DISTRIBUTION

33. NLA incorporates the allegations of each of the foregoing paragraphs as if fully set forth herein.

34. Defendant Kinetic directly infringed NLA's copyrights in RTR by, *inter alia,* distributing RTR to Spectrum when it copied and/or permitted the transfer of RTR to Spectrum.

35. Defendant INAP directly infringed NLA's copyrights in RTR by distributing RTR to Spectrum.

36. Defendant INAP indirectly infringed NLA's copyrights in RTR by contributing and/or inducing the infringement of Kinetic by assisting and/or conspiring with Kinetic and/or Spectrum to copy NLA's copyrighted software RTR from NLA's servers to Spectrum's servers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing

the acts alleged herein in violation of 17 U.S.C. § 501;

      b.      Defendants be required to pay Plaintiff its actual damages and profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504.

      c.      Plaintiff be awarded his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505; and

      d.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: 30 August 2018          Respectfully submitted,

*/s/ Erik Dykema*
**ZELLER IP GROUP PLLC**
Erik Dykema

*Attorneys for Plaintiff New London Associates LLC*