```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NEW LONDON ASSOCIATES, LLC,             :
                                        :
                     Plaintiff,         :     18cv7963 (DLC)
          -v-                           :
                                        :     MEMORANDUM OPINION
KINETIC SOCIAL LLC and SPECTRUM MEDIA   :         AND ORDER
SERVICES LLC,                           :
                                        :
                     Defendants.        :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 4, 2019, defendant Spectrum Media Services LLC ("Spectrum") moved for leave to file a Second Amended Answer to Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a). The proposed Second Amended Answer corrects typographical errors and adds four additional affirmative defenses. Plaintiff New London Associates, LLC ("NLA") has consented to the correction of typographical errors, but opposes the addition of the four additional affirmative defenses. The four affirmative defenses that Spectrum seeks to add are:

> 1) To the extent NLA has an ownership interest in any copyright covering software used by Spectrum, Spectrum has an implied license to the copyrighted material;
>
> 2) NLA is barred by equitable estoppel from asserting its purported copyright against Spectrum;
>
> 3) NLA is barred by the doctrine of acquiescence from asserting its purported copyright against Spectrum; and

> 4) To the extent NLA has an ownership interest in any
> copyright covering software used by Spectrum, that
> software is a work of joint authorship under the
> Copyright Act and applicable case law, and Spectrum
> holds a nonexclusive license from one or more of the
> co-authors of the work.

NLA opposes the motion to amend on the bases that (1) the proposed affirmative defenses are inadequately pled and thus amendment would be futile and (2) the proposed amendment would prejudice NLA.

Under Rule 15(a)(2), Fed. R. Civ. P., a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, it remains "within the sound discretion of the district court to grant or deny leave to amend." Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. (citation omitted).

NLA contends that the proposed amendment would be futile because Spectrum's additional affirmative defenses could not survive a motion to strike. Because of the Second Circuit's decision in GEOMC Co. Ltd. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019), it is now clear that the plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

applies to the pleading of affirmative defenses, albeit in a "context-specific" way.  GEOMC, 918 F.3d at 98.

GEOMC does not stand for the proposition that an affirmative defense must be pleaded with the same degree of factual detail as a complaint.  Unlike a complaint, an answer is not a pleading to which a response is required.  Further, "the pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard" while a defendant has only a span of a few weeks to respond to a complaint with affirmative defenses.  Id. at 98.  Moreover, without the benefit of discovery, the facts needed to plead certain affirmative defenses "may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard."  Id.

Viewed within the context of this litigation, each of the affirmative defenses that Spectrum seeks to assert are plausibly pleaded.  NLA cannot reasonably argue that it lacks a sufficient factual basis to understand the nature of Spectrum's proposed affirmative defenses.

Further, NLA has not adequately explained how it would be prejudiced by the addition of these affirmative defenses at this stage of the litigation.  NLA contends in general terms that it will not have enough time to complete discovery with respect to these new affirmative defenses.  Spectrum filed its motion to

3

amend on June 4, after NLA refused to consent.  Fact discovery in this action is not scheduled to conclude until July 26.  NLA has failed to identify any additional discovery it would need to conduct in order to respond effectively to the proposed affirmative defenses.  Accordingly, it is hereby

ORDERED that Spectrum's motion to file a Second Amended Answer with four additional affirmative defenses is granted.

Dated:    New York, New York
          July 8, 2019

                                       DENISE COTE
                           United States District Judge